UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAVIER NUNEZ,

                    Plaintiff,

              -against-

NICOLE FRASER; OLIVIA GIEGERICH;
MARK SIMON; PACHECO,

                    Defendants.

23-CV-625 (LTS)

ORDER OF DISMISSAL AND ORDER TO
SHOW CAUSE UNDER 28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis* (IFP), filed an amended

complaint alleging that Defendants violated his rights. By order dated April 17, 2023, the Court

directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff

filed a second amended complaint on June 29, 2023, and the Court has reviewed it. The action is

dismissed for the reasons set forth below.

## BACKGROUND

### A.    This action

Plaintiff Javier Nunez, who resides in Scranton, Pennsylvania, filed this action on

January 22, 2023, against: (1) Nicole Fraser, an employee with the "Human Resources

Administration N.Y.C. Employment Agency"; (2) Olivia Giergerich, a "therapist supervisor"; (3)

Mark Simon, a therapist; and (4) Pacheco, a police officer. (ECF 4 ¶ 1.) The following facts are

drawn from the first amended complaint.

On February 5, 2018, Plaintiff went to the Upper Manhattan Mental Health Clinic

(UMMHC), located at 1727 Amsterdam Avenue, to speak with a therapist, Ms. Rochelle

Langman, about a "legal matter involving housing."[1] (ECF 4 ¶ III.) Therapist supervisor

Giegerich told Plaintiff, who did not have an appointment, that they did not "provide this

service," and that she had "a[n] emergency to go to"; she then left in an "unprofessional"

manner. (*Id.*)

On March 6, 2018, Plaintiff returned to UMMHC. Defendants Simon and Fraser "forced"

Plaintiff "into ambulance and hospital for No reason at all unprofessional practices . . . after

reporting Luis Santiago was removed from 219 West 145 Street, apt 6, NY, NY 10038, because

of domestic violence." (*Id.*) On June 19, 2019, Plaintiff "showed up to 135 Street," to make "a

report on identity theft to clear [his] name," but Police Officer Pacheco and other police officers

"treated [Plaintiff] unfairly." (*Id.*) Plaintiff alleged that he suffered "emotional trauma," entitling

him to money damages under 42 U.S.C. § 1983. (*Id.* ¶ V.)

By order dated April 17, 2023, the Court directed Plaintiff to file a second amended

complaint, because: (1) Giegerich and Simon were private actors who could not be held liable

under 42 U.S.C. § 1983; (2) the first amended complaint did not contain facts suggesting that his

constitutional rights had been violated, or that Fraser and Pacheco had been personally involved

in violating his constitutional rights; (3) Plaintiff could not assert any claims against Fraser in

connection with actions she took with respect to Plaintiff's father; and (4) Plaintiff's Section

1983 claims appeared to be untimely. (ECF 7.)

Plaintiff filed a second amended complaint against the same defendants, but this time

invoking the court's diversity of citizenship jurisdiction. The second amended complaint

contains the following facts.

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation
are as in the original, unless otherwise noted.

> I wrote respectfully on behalf of myself Javier Nunez, On May 15, 2018 Nicole Fraser Forced me out my home (219 west 145 Street, Apt 6, NY N.Y. 10039) for no reason at all. Unprofessional in housing practices. Eli Silber on November 11/20/2017 lock me out my home for no reason at all. (See index No. 19151/17. Park H, Judge: Anne Katz, Civ[i]l Court of the City of New York Housing Court. (Also See index. LT- 080641-17/NY). Nicole Fraser (HRA Caseworker for New York City) Failed to provide my father with Services. (See index No. LT-080641-17/NY). Gutman, Minte, Baker, Sonnenfeldt, LLC ["the Gutman firm"] in Bad faith to include I'm a victim of fraud and identity theft. (Issued Police Department City of New York, 32 Precinct Detective Square 250 west 135 Street New York, NY 10030 212-690-6315. Investigation Detective: Pacheco. See: Due Process Clauses of the Fifth And Fourteen Amendment to the United States Constitution. (Basic notions of legal Fairness).

(ECF 13.)

Plaintiff alleges that he was left feeling "unsafe and often helpless," and he seeks "$75,000 or more" in damages "to attain a lease for the property at RH 200-219 West 145 Street, Apt. 6 New York N.Y. 10039." (*Id.* ¶ IV.)

**B.    Prior Litigation**

**1.    *Nunez I and Nunez II***

Plaintiff has filed prior complaints arising out of these events. When Plaintiff filed two of the earlier cases, he was a citizen of New York. *See Nunez v. Silber*, ECF 1:18-CV-0892, 2 (CM) ("*Nunez I*") (dismissing complaint, filed against Mark Silber, Eli Silber, Nicole Fraser, and the Gutman firm, because: (1) the court lacked subject matter jurisdiction over landlord-tenant issues; and (2) Plaintiff, as a *pro se* litigant, could not assert claims against Fraser on behalf of his father), *appeal dismissed as frivolous*, No. 18-1116 (2d Cir. July 16, 2018);[2] *Nunez v. Silber*,

---

[2] On August 14, 2018, Judge Colleen McMahon denied Plaintiff post-judgment relief in *Nunez I* under Local Civil Rule 6.3 and under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. ECF 1:18-CV-0892, 15. On January 28, 2022, after Plaintiff filed multiple motions for post-judgment relief, Judge McMahon imposed a bar order, which precluded Plaintiff from filing any future submissions in *Nunez I*. ECF 1:18-CV-0892, 24*, appeal dismissed as frivolous*, No. 22-1116 (2d Cir. July 5, 2022).

ECF 1:18-CV-6821, 2 (LLS) ("*Nunez II*") (dismissing complaint for the same reasons as *Nunez I*). ECF 1:18-CV-6821, 6, *appeal dismissed as frivolous*, No. 18-3385 (2d Cir. Apr. 2, 2019).

**2.    *Nunez III***

On October 22, 2022, Plaintiff by then a citizen of Pennsylvania, filed another complaint against the Silbers, Fraser, and the Gutman firm, that was largely duplicative of *Nunez I* and *Nunez II. Nunez v. Silber*, ECF 1:22-CV-8416, 6 (LTS) ("*Nunez III*"). In *Nunez III*, Plaintiff, invoking diversity jurisdiction, referred to the eviction action that was in the Civil Court of the City of New York, County of New York ("Housing Court"), under Index No. LT-080641-17/NY. By order dated February 22, 2023, the Court dismissed Plaintiff's complaint: (1) under the *Rooker-Feldman* doctrine; and (2) for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), *appeal pending* (2d Cir.).[3]

## DISCUSSION

Plaintiff's Section 1983 claims are dismissed for the reasons set forth in the April 17, 2023 order to amend issued in this case. To summarize, Plaintiff's Section 1983 claims are untimely; even if they were not untimely, Plaintiff cannot assert Section 1983 claims against private actors Giegerich and Simon. (ECF 4.)

Any state law claims that Plaintiff is asserting under the court's diversity jurisdiction are dismissed for the same reasons set forth in the dismissal order issued in *Nunez III.* It is clear from the second amended complaint filed in this case that Plaintiff seeks to obtain the lease to the Manhattan apartment from which he was evicted after proceedings in Housing Court. The Court dismisses any claims arising from the housing court matter under the *Rooker-Feldman* doctrine.

---

[3] Plaintiff recently filed a new complaint. *Nunez v. Silber*, ECF 1:23-CV-8462, 1 (S.D.N.Y. filed Sept. 21, 2023).

*See Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021) (holding that the *Rooker-Feldman* doctrine "bars federal district courts from hearing cases that in effect are appeals from state court judgments, because the Supreme Court [of the United States] is the only federal court with jurisdiction over such cases." (citing 28 U.S.C. § 1257)).

### FURTHER LEAVE TO AMEND DENIED AND ORDER TO SHOW CAUSE

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's second amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff an opportunity to file a third amended complaint.

Moreover, the exact degree of solicitude that should be afforded to a *pro se* litigant in any given case depends upon a variety of factors, including the procedural context and relevant characteristics of the particular litigant. *Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010). A *pro se* litigant who has previously brought a similar case may be charged with knowledge of particular legal requirements. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

As noted, Plaintiff has filed three prior complaints seeking to litigate the matters giving rise to this complaint. He was barred from filing any new documents in *Nunez I*, and he was warned in *Nunez II* and *Nunez III* that a filing injunction could be imposed if he persisted in filing duplicative and frivolous litigation. *See Nunez II*, ECF 1:18-CV-6821, 6; *Nunez III*, ECF 1:22-CV-8416, 9, *appeal pending* (2d Cir.). The Court finds that Plaintiff should have known

when he filed this action that it is duplicative of his previous complaints. *See Sledge*, 564 F.3d at 109-10.

Accordingly, Plaintiff is ordered to show cause why he should not be barred from filing any further actions in this court IFP, arising from the eviction and related matters, without first obtaining permission from the court to file his complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard."). Within thirty days of the date of this order, Plaintiff must submit to the court a declaration setting forth good cause why an injunction should not be imposed upon him. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, he will be barred from filing any further actions IFP in this court unless he first obtains permission from this court to do so.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). All pending applications for relief are terminated.

Plaintiff shall have thirty days to show cause by declaration why an order should not be entered barring him from filing any future action IFP in this Court, arising from the eviction and related matters, without prior permission. A declaration form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 24, 2023
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____          _____

Executed on (date)                 Signature

_____          _____

Name                                Prison Identification # (if incarcerated)

_____          _____

Address                       City              State       Zip Code

_____          _____

Telephone Number (if available)             E-mail Address (if available)