UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAVIER NUNEZ,

                Plaintiff,

-against-

MARK SILBER ELI SILBER, NICOLE FRASER, GUTMAN, MINTE, BAKER & SONNENFELD, LLC,

                Defendants.

23-CV-625 (LTS)

BAR ORDER UNDER 28 U.S.C. § 1651

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff filed this action *pro se* and *in forma pauperis* ("IFP"), naming as Defendants: (1) individuals who played some role in evicting Plaintiff and his father from a Manhattan apartment; (2) Plaintiff's father's caseworker; (3) Plaintiff's therapists; and (4) police officers who allegedly did not investigate Plaintiff's complaints about these events.

    On October 24, 2023, after granting Plaintiff leave to file an amended complaint, the Court: (1) dismissed the amended complaint for failure to state a claim; (2) listed three prior complaints that Plaintiff had filed about the same events that were dismissed on the merits; (3) noted that Plaintiff had been warned that a filing injunction would be imposed if he persisted in filing duplicative and meritless complaints; and (4) ordered Plaintiff to show cause, within thirty days, why he should not be barred from filing further actions IFP, arising from the eviction and related events, without prior permission. (ECF 17.) On October 27, 2023, Plaintiff filed a declaration, and on October 30, 2023, Plaintiff filed a "Response To Defendants' Motion To Dismiss For Failure To State A Claim."[1] (ECF 18, 19.) In these submissions, Plaintiff recounts

---

[1] Defendants were never served in this case, and did not file a motion to dismiss.

the same facts that he set forth in his complaints in this case, and his complaints in other cases. He does not add any facts, or make any arguments, suggesting that the bar should not be imposed. (ECF 18.) Accordingly, the bar order will issue.

## CONCLUSION

The Court hereby bars Plaintiff from filing future civil actions IFP in this court, arising from the eviction and the other, related events set forth in this order, without first obtaining from the court leave to file. *See* 28 U.S.C. § 1651. Plaintiff must attach a copy of his proposed complaint and a copy of this order to any motion seeking leave to file. The motion must be filed with the Pro Se Intake Unit of this court. If Plaintiff violates this order and files an action without filing a motion for leave to file, the action will be dismissed for failure to comply with this order.

Plaintiff is further warned that the continued submission of frivolous documents may result in the imposition of additional sanctions, including a complete filing injunction and monetary penalties. *See id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   October 31, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge