UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAVIER NUNEZ, <br><br>       Plaintiff, <br><br> -against- <br><br> MARK SILBER, et al., <br><br>       Defendants. | 1:23-CV-0625 (LTS) <br><br> 1:25-CV-3879 (LTS) <br><br> ORDER |
| JAVIER NUNEZ, <br><br>       Plaintiff, <br><br> -against- <br><br> MARK SILBER, <br><br>       Defendant. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated and entered on October 24, 2023, the Court dismissed Plaintiff's *pro se* action known as *Nunez v. Fraser*, 1:23-CV-0625 (LTS) ("*Nunez I*"). (ECF 1:23-CV-0625, 17.). In that order, the Court also directed Plaintiff to show cause by declaration why the Court should not bar Plaintiff from filing any future civil action in this court *in forma pauperis* ("IFP"), arising from Plaintiff's "eviction and other related matters" without prior permission of the court. (*Id.*) Plaintiff filed responses to that order. (ECF 1:23-CV-0625, 18, 19.) The Court, however, determined that those responses did not show why the proposed filing injunction should not be imposed and, in an order in *Nunez I*, dated and entered on October 31, 2023, the Court thus barred Plaintiff from filing future civil actions in this court IFP "arising from [Plaintiff's] eviction and the other, related events" without first obtaining the court's leave to file. (ECF 1:23-CV-0625, 20.) Plaintiff appealed. On March 20, 2024, however, the United States Court for

Appeals for the Second Circuit dismissed Plaintiff's appeal as frivolous. *Nunez v. Fraser*, No. 23-7763 (2d Cir. Mar. 20, 2024).

On May 5, 2025, the court received the complaint commencing another of Plaintiff's *pro se* civil actions, *Nunez v. Silber*, 1:25-CV-3879 (LTS) ("*Nunez II*"). By order dated June 6, 2025, and entered on June 9, 2025, and by judgment dated and entered on June 9, 2025, the Court dismissed *Nunez II*, without prejudice due to Plaintiff's failure to comply with the Court's October 31, 2023 order in *Nunez I*. (ECF 1:25-CV-3879, 5, 6.) On June 11, 2025, Plaintiff filed a motion in *Nunez II*, seeking relief under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)") as well as reconsideration relief, asking this Court to vacate or modify what appears to be the Court's dismissal of *Nunez I*, and the filing injunction that the Court imposed on him in that action. (ECF 1:25-CV-3879, 7.) He also seeks an extension of time to file a notice of appeal. (*Id.*) On June 17, 2025, Plaintiff filed another motion in *Nunez II*, purportedly seeking relief under Rule 60(b), seeking leave to file in *Nunez I*. (ECF 1:25-CV-3879, 8.)

The Court liberally construes Plaintiff's motions as seeking relief under Rule 60(b) with respect to the dismissal of *Nunez I*, and with respect to the filing injunction imposed on Plaintiff in that action, as well as relief under Rules 59(e) ("Rule 59(e)") and 60(b) of the same rules with respect to the dismissal of *Nunez II*; the Court also construes one of the motions (ECF 1:25-CV-3879, 7) as seeking, in *Nunez II*, an extension of time to file a notice of appeal under Rule 4(a)(5) of the Federal Rules of Appellate Procedure ("Rule 4(a)(5)"), *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (the solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings, leniency in the enforcement of other procedural rules, and deliberate, continuing efforts to ensure that a *pro*

2

*se* litigant understands what is required of him" (citations omitted)). For the reasons set forth below, the Court denies all of Plaintiff's requests for the relief in these motions.

## DISCUSSION

### A.  Rule 59(e) relief

To the extent that Plaintiff challenges the dismissal of *Nunez II*, the Court understands at least one of Plaintiff's present motions as seeking relief under Rule 59(e) as to the dismissal of *Nunez II*. A party who seeks such relief must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 209-10 (S.D.N.Y. 2009) ("[A] motion for reconsideration is not an invitation to parties to treat the court's initial decision as the opening of a dialogue in which . . . [the moving] party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling." (internal quotation and citations omitted)).

Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the reason why the Court dismissed *Nunez II*. As the Court discussed, in its June 6, 2025 order in *Nunez II*, Plaintiff is barred from filing civil actions in this court IFP that arise from his eviction and other related matters without the court's leave to file; the Court held that *Nunez II*, was such an action, and Plaintiff sought to proceed IFP in *Nunez II*, without seeking leave to file. Accordingly, the Court denies Plaintiff Rule 59(e) relief with respect to the Court's dismissal of *Nunez II*.

3

**B.     Rule 60(b) relief**

Plaintiff also seems to seek Rule 60(b) relief with regard to the Court's dismissal of *Nunez I*, and with regard to the filing injunction that the Court imposed on him in that action, as well as with regard to the Court's dismissal of *Nunez II*. Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The order dismissing *Nunez I*, was entered on October 24, 2023. (ECF 1:23-CV-0625, 17.) The order in *Nunez I*, imposing the abovementioned filing injunction on Plaintiff was entered on October 31, 2023. (ECF 1:23-CV-0625, 20.) The judgment dismissing *Nunez I*, was entered on October 31, 2023. (ECF 1:23-CV-0625, 21.) Plaintiff did not file the present motions until June 11, 2025, and June 17, 2025, respectively, well after the expiration of the one-year period to seek relief under Rule 60(b)(1), (2), or (3) with respect to the dismissal of *Nunez I*, and the filing injunction imposed on him in that action. The Court therefore denies Plaintiff relief under Rule 60(b)(1), (2), and (3) with respect to the dismissal of *Nunez I*, and with respect to the filing injunction imposed on him in that action, as untimely filed.

Notwithstanding the denial of relief under Rule 60(b)(1), (2), and (3) with respect to the dismissal of *Nunez I*, and with respect to the filing injunction imposed on Plaintiff in that action,

4

the Court must also deny Plaintiff relief under Rule 60(b)(1) through (5) with respect to those orders and judgment in *Nunez I*, and with respect to the Court's order and judgment dismissing *Nunez II*. The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply. The Court therefore denies relief under Rule 60(b)(1) through (5) with respect to the abovementioned orders and judgment in *Nunez I*, and with respect to the Court's order and judgment dismissing *Nunez II*.

Inasmuch as Plaintiff seeks relief under Rule 60(b)(6) with respect to the abovementioned orders and judgment in *Nunez I*, and with respect to the Court's order and judgment dismissing *Nunez II*, the Court must also deny such relief. "Rule 60(b)(6) provides only grounds for relief not already covered by the preceding five [clauses]." *BLOM Bank SAL v. Honickman*, No. 23-1259, 2025 WL 1583305, at *4 (June 5, 2025). A party moving for relief under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under Rule 60(b)(1) through (3) by invoking residual clause in Rule 60(b)(6). *See id.* A party seeking such relief must show both that their motion was filed within a "reasonable time," Fed. R. Civ. P. 60(c)(1), and "demonstrate 'extraordinary circumstances' justifying relief." *Honickman*, 2025 WL 1583305, at *6 (citation omitted).

Plaintiff has provided no facts demonstrating that extraordinary circumstances exist to warrant relief under Rule 60(b)(6) with respect to the abovementioned orders and judgment in *Nunez I*, and with respect to the Court's order and judgment dismissing *Nunez II*. The Court, in *Nunez I*, imposed the abovementioned filing injunction on Plaintiff due to his previous duplicative, frivolous, and/or otherwise nonmeritorious litigation that he brought in this court regarding his eviction and other related matters (ECF 1:23-CV-0625, 17, 20), and the Court of

Appeals found his appeal of *Nunez I*, to be frivolous as well, *Nunez*, 23-7763 (2d Cir. Mar. 20, 2024). This Court dismissed *Nunez II*, because the Court found that *Nunez II*, was a civil action that Plaintiff was bringing in this court IFP arising from his eviction and other related matters, and that Plaintiff had failed to seek leave to file such an action – in violation of the filing injunction that the Court had imposed on him in its October 31, 2023 order in *Nunez I*. (*See* ECF 1:25-CV-3879, 5.) Accordingly, the Court denies Plaintiff relief under Rule 60(b)(6) with respect to the abovementioned orders and judgment in *Nunez I*, and with respect to the Court's order and judgment dismissing *Nunez II*.

C.     **Extension of time to file a notice of appeal under Rule 4(a)(5)**

The Court further understands one of Plaintiff's motions (ECF 1:25-CV-3879, 7) as requesting an extension of time, under Rule 4(a)(5), to file a notice of appeal in *Nunez II*. The Court must deny that request. A party normally has 30 days from the entry date of the order or judgment being challenged to file a timely notice of appeal. *See* Fed. R. Civ. P. 4(a)(1)(A) ("Rule 4(a)(1)(A)"). Under Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure ("Rule 4(a)(4)(A)"), however, if a party files, among other types of motions, a timely Rule 59(e) motion, or a Rule 60(b) motion within 28 days of the entry of the relevant order or judgment, the time to file a notice of appeal runs from the entry of the order disposing that motion. *See* Fed. R. App. P. 4(a)(4)(A)(iv), (vi); Fed. R. Civ. P. 59(e) (28 days from the entry of the judgment challenged to bring a timely Rule 59(e) motion).

To the extent that Plaintiff's motions discussed here, which were filed on June 11, 2025, and on June 17, 2025, respectively, seek Rule 59(e) relief, which must be sought within 28 days of the entry of the judgment being challenged, *see* Fed. R. Civ. P. 59(e), and/or Rule 60(b) relief, with regard to the order and judgment dismissing *Nunez II*, which were both entered on June 9, 2025 – two days before Plaintiff's June 11, 2025 motion was filed and eight days before his June

17, 2025 motion was filed – both motions clearly fall within Rule 4(a)(4)(A)(iv) and (vi). Thus, the 30-day period for Plaintiff to file a timely notice of appeal with respect to *Nunez II*, does not begin to run until the entry of this order. *See* Fed. R. App. P. 4(a)(4)(A)(iv), (vi). Accordingly, the Court denies as unnecessary Plaintiff's request, under Rule 4(a)(5), for an extension of time to file a notice of appeal.

## CONCLUSION

The Court construes Plaintiff's motions (ECF 1:25-CV-3879, 7, 8) as seeking relief under Rule 60(b) with respect to the dismissal and filing injunction imposed in *Nunez I*, as well as relief under Rules 59(e) and Rule 60(b) with respect to the dismissal of *Nunez II*; the Court also construes one of those motions (ECF 1:25-CV-3879, 7) as seeking an extension of time to file a notice of appeal in *Nunez II*, under Rule 4(a)(5). For the reasons discussed above, the Court denies these motions.

The Court warns Plaintiff that the continued filing of frivolous and/or otherwise nonmeritorious documents in *Nunez I*, and/or *Nunez II*, may result in the Court directing Plaintiff to show cause why the Court should not bar him from filing any future documents in *Nunez I*, and/or *Nunez II*, without the court's leave to file.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 18, 2025
         New York, New York

                                                  /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                                  Chief United States District Judge